UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA J. CHEEK,

        Plaintiff,

        v.                                      Case No. 20-C-182

CORINNA LUNDQUIST, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Joshua J. Cheek, who was an inmate at the Winnebago County Jail at the time of filing but has since been released, filed a *pro se* 42 U.S.C. § 1983 complaint on February 6, 2020. This matter comes before the court on Plaintiff's motion for leave to proceed without prepayment of the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has filed a motion to proceed without prepayment of the filing fee. Although Plaintiff is no longer incarcerated, he remains subject to the requirements of the Prison Litigation Reform Act (PLRA) because he was incarcerated at the time he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that Plaintiff pay an initial partial filing fee. In this case, the court will waive the initial partial filing fee. A review of Plaintiff's motion reveals that he does not have sufficient funds to pay the filing fee. Accordingly, the court will grant Plaintiff's motion to proceed without prepayment of the filing fee and will screen the complaint.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff's allegations are difficult to decipher, but it appears Plaintiff is attempting to improperly bring unrelated claims in a single case. As

instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. In this case, Plaintiff alleges that the defendants violated his rights in unrelated ways. Rather than dismiss the pleading with instructions to amend it, the court will allow Plaintiff to proceed on his related claims and dismiss the unrelated claims without prejudice, as explained in more detail below.

Plaintiff asserts that he was discharged from Mendota Mental Health Institute on May 23, 2019, and went to a community-based residential facility in Menasha, Wisconsin called Wisconsin Independent Living, Inc. He was transported there by the director of the private group home, Corinna Lundquist, and her husband, Cory Lundquist. Plaintiff alleges he stayed there for five months and, during that time, Corinna Lundquist and a supervisor, who is not named as a defendant, violated his rights by preventing him from sending legal mail. Plaintiff further asserts

3

that Corinna Lundquist retaliated against Plaintiff for trying to report the abuse by telling staff to deny Plaintiff's rights to access the courts. A new supervisor, Alex Browne, replaced the previous supervisor in July, August, or September of 2019. Plaintiff claims the defendants violated numerous Wisconsin statutes and that Wisconsin Independent Living, Inc. breached a contract with him.

Plaintiff asserts that Corinna Lundquist violated his rights by preventing him from sending legal mail. It is not clear that this defendant is a state employee, but liberally construing Plaintiff's complaint, Plaintiff has stated a violation of his First Amendment rights. *See Kaufman v. McCaughtry*, 419 F.3d 678, 685–86 (7th Cir. 2005) (finding a First Amendment right to send and receive mail (citation omitted)).

Plaintiff also claims Corinna Lundquist retaliated against him for reporting her abuse. To prevail on a § 1983 claim of First Amendment retaliation, a plaintiff must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010). The complaint has alleged the bare minimum necessary to notify this defendant of the nature of Plaintiff's retaliation claim. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). In short, Plaintiff may proceed on his retaliation claim against Corinna Lundquist.

Plaintiff also alleges that Lundquist violated a number of Wisconsin state statutes. The court declines to exercise supplemental jurisdiction over any state law claims alleged by Plaintiff that may or may not be sufficiently pleaded. *See* 28 U.S.C. § 1367; *see also City of Chicago v. International College of Surgeons*, 522 U.S. 156 (1997) (noting that pendent jurisdiction is a discretionary choice).

In addition, Plaintiff alleges that a number of other defendants violated his constitutional rights. The court will not allow Plaintiff to proceed with these unrelated claims against different defendants in a single action. *See George*, 507 F.3d at 609. These claims will therefore be dismissed without prejudice. In short, Plaintiff may proceed on his claims that Lundquist prevented him from sending legal mail and retaliated against him.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Oshkosh Family Inc., Winnebago County Jail Officers, Lakeland Care District, Alex Browne, and Alec Asio are **DISMISSED** as defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant Corinna Lundquist, who appears to be an employee of Wisconsin Independent Living, Inc. located in Madison, Wisconsin, pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendant Corinna Lundquist shall file a responsive pleading to the complaint.

Dated at Green Bay, Wisconsin this 5th day of March, 2020.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
